# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# ORLANDO DIVISION

**DAVID JASKULSKI,**

**Plaintiff,**

**-vs-**                                           Case No.  6:10-cv-312-Orl-22GJK

**BLUE MARTINI ORLANDO, LLC,**

**Defendant.**

_____

## REPORT AND RECOMMENDATION

## TO THE UNITED STATES DISTRICT COURT

This cause came on for consideration without oral argument on the following motion:

| | |
|---|---|
| **MOTION:** | **PARTIES' JOINT MOTION FOR APPROVAL OF SETTLEMENT (Doc. No. 25)** |
| **FILED:** | **October 6, 2010** |
| | |
| **THEREON** it is **RECOMMENDED** that the motion be **GRANTED**. | |

Plaintiff and Defendant jointly move (the "Motion") the Court to approve their settlement agreement (the "Agreement") pursuant to the Fair Labor Standards Act ("FLSA") and to dismiss the case with prejudice.  Doc. No. 25.

Pursuant to *Lynn's Food Stores, Inc. v. United States Department of Labor*, 679 F.2d 1350, 1353 (11th Cir. 1982) judicial review and approval of this settlement is necessary to give it final and binding effect.  As the Eleventh Circuit held in *Lynn*:

> [t]here are only two ways in which back wage claims arising under the FLSA can be settled or compromised by employees.  First, under section 216(c), the Secretary of Labor is authorized to supervise payment to employees of unpaid wages owed to them. . . .  The only other route for compromise of FLSA claims is provided in the context of suits brought directly by employees against their employer under section 216(b) to recover back wages for FLSA violations.  When employees bring a private action for back wages under the FLSA, and present to the district court a proposed settlement, the district court may enter a stipulated judgment after scrutinizing the settlement for fairness.

*Id*. at 1352-53.  Before approving an FLSA settlement, the court must scrutinize it to determine if it is "a fair and reasonable resolution of a bona fide dispute."  *Id*. at 1354-55.  If the settlement reflects a reasonable compromise over issues that are actually in dispute, the Court may approve the settlement "in order to promote the policy of encouraging settlement of litigation."  *Id* at 1354.

In determining whether the settlement is fair and reasonable, the Court should consider the following factors:

> (1) the existence of collusion behind the settlement;
> (2) the complexity, expense, and likely duration of the litigation;
> (3) the stage of the proceedings and the amount of discovery completed;
> (4) the probability of plaintiff's success on the merits;
> (5) the range of possible recovery; and
> (6) the opinions of counsel.

*See Leverso v. South Trust Bank of Ala. Nat. Assoc.*, 18 F. 3d 1527, 1531 n. 6 (11th Cir. 1994); *Hamilton v. Frito-Lay, Inc.*, No. 6:05-cv-1592-Orl-22JGG, 2007 U.S. Dist. LEXIS 10287, at *2-3, (M.D. Fla. January 8, 2007).  The Court should be mindful of the strong presumption in favor of finding a settlement fair.  *Cotton v. Hinton*, 559 F. 2d 1326, 1331 (5th Cir. 1977).[1]

---

[1] *Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir. 1981) (all decisions from the Fifth Circuit prior to October 1, 1981 are binding on the Eleventh Circuit).

2

In FLSA cases, the Eleventh Circuit has questioned the validity of contingency fee agreements. *Silva v. Miller*, 307 Fed.Appx. 349, 351 (11th Cir. 2009) (citing *Skidmore v. John J. Casale, Inc.*, 160 F.2d 527, 531 (2d Cir. 1947) ("We have considerable doubt as to the validity of the contingent fee agreement; for it may well be that Congress intended that an employee's recovery should be net. . . .")). In *Silva*, 307 Fed.Appx. at 351-52, the Eleventh Circuit held:

> That Silva and Zidell entered into a contingency contract to establish Zidell's compensation if Silva prevailed on the FLSA claim is of little moment in the context of FLSA. FLSA requires judicial review of the reasonableness of counsel's legal fees to assure both that counsel is compensated adequately and that no conflict of interest taints the amount the wronged employee recovers under a settlement agreement. FLSA provides for reasonable attorney's fees; the parties cannot contract in derogation of FLSA's provisions. *See Lynn's Food*, 679 F.2d at 1352 ("FLSA rights cannot be abridged by contract or otherwise waived.") (quotation and citation omitted). To turn a blind eye to an agreed upon contingency fee in an amount greater than the amount determined to be reasonable after judicial scrutiny runs counter to FLSA's provisions for compensating the wronged employee. *See United Slate, Tile & Composition Roofers v. G & M Roofing & Sheet Metal Co.*, 732 F.2d 495, 504 (6th Cir.1984) ("the determination of a reasonable fee is to be conducted by the district court regardless of any contract between plaintiff and plaintiff's counsel"); *see also Zegers v. Countrywide Mortg. Ventures, LLC*, 569 F.Supp.2d 1259 (M.D.Fla.2008).

*Id.*[2]  In order for the Court to determine whether the proposed settlement is reasonable, counsel for the claimant(s) must first disclose the extent to which the FLSA claim has or will be compromised by the deduction of attorneys' fees, costs or expenses pursuant to a contract between the plaintiff and his or her counsel, or otherwise. *Id.* When a plaintiff receives less than a full recovery, any payment (whether or not agreed to by a defendant) above a reasonable fee

---

[2] Unpublished decisions of the Eleventh Circuit are not binding, but are persuasive authority. *See* 11th Cir. R. 36-2.

improperly detracts from the plaintiff's recovery.[3]   Thus, a potential conflict can arise between counsel and their client regarding how much of the plaintiff's total recovery should be allocated to attorneys' fees and costs.[4]   It is the Court's responsibility to ensure that any such allocation is reasonable.  *See Silva*, 307 Fed.Appx. at 351-52.  In doing so, the Court uses the lodestar method for guidance.  *See Comstock v. Florida Metal Recycling, LLC*, Case No. 08-81190-CIV, 2009 WL 1586604 at *2 (S.D. Fla. June 5, 2009).  As the Court interprets the *Lynn's Foods* and *Silva* cases, where there is a compromise of the amount due to the plaintiff, the Court should decide the reasonableness of the attorneys' fees provision under the parties' settlement agreement using the lodestar method as a guide.  In such a case, any compensation for attorneys' fees beyond that justified by the lodestar method is unreasonable unless exceptional circumstances would justify such an award.

This case involved disputed issues of FLSA coverage, which constitutes a bona fide dispute.  *See* Doc. Nos. 1, 13, 16, 25.  The parties were represented by independent counsel who are obligated to vigorously represent their clients.  *Id.*   The parties agreed to settle Plaintiff's claims in exchange for a release of all claims for a total sum of $9,000.00.  Doc. No. 25-1 at 4.  Plaintiff originally calculated his overtime damages to be $2,365.92 in actual damages ($4,731.84 including liquidated damages). Doc. No. 16-1 at 2.  In the Agreement, Plaintiff has agreed to compromise his claim by forgoing his claim for liquidated damages.  Doc. No. 25-1 at 4.   In the Motion, Plaintiff states that he agreed to compromise his claim due to Defendant's good faith defense pursuant to 29 U.S.C. § 260, the fact that part of his actual damages claim

---

[3] From a purely economic standpoint, a defendant is largely indifferent as to how its settlement proceeds are divided as between a plaintiff and his/her counsel.  Where a plaintiff is receiving less than full compensation, payment of fees necessarily reduces the plaintiff's potential recovery.

[4] This potential conflict is exacerbated in cases where the defendant makes a lump sum offer which is less than full compensation, because any allocation between fees and the client's recovery could become somewhat arbitrary.

included work that was done "off the clock," the method of calculating Plaintiff's estimate of damages, and the probability of costs being assessed to Plaintiff due to Plaintiff's prior rejection of an offer of judgment.  Doc. No. 25 at 5-6. Plaintiff will receive a total of $2,365.92 under the Agreement.  Doc. No. 25-1 at 4-5.

Plaintiff's counsel, Scott C. Adams, Esq., will receive $6,634.08 under the Agreement for attorneys' fees and costs.  Doc. No. 25-1 at 4-5.   In the Motion and attached time sheet, Mr. Adams states that he expended 32.5 hours of work on the case at an hourly rate of $250.00 per hour ($8,125.00).  Doc. Nos. 25 at 6, 25-3.  Mr. Adams also states that his paralegal, Judy Cane, expended 26.7 hours of work on the case at an hourly rate of $95.00 per hour ($2,536.50).  *Id.* Therefore, under the Agreement, Mr. Adams's effective hourly rate is $204.12 per hour ($6,634.08/32.5).  In the Motion, the Defendant states that it agrees with negotiated fees under the Agreement, but "does not concede that the fees stated in this motion are reasonable or necessary."  Doc. No. 25 at 6 n. 7.  In a similar FLSA case, Mr. Adams has previously been awarded a reasonable hourly rate of $250.00 per hour.  *Gray v. Golden Bear Day School, Inc.*, No. 6:08-cv-3-Orl-31KRS (M.D. Fla. Nov. 4, 2008).  After reviewing the Agreement, the time sheet, and Mr. Adams's affidavit, the undersigned recommends that the Court find that the amount of time expended on the case and the effective hourly rate are reasonable.

Accordingly, the undersigned recommends that the Court find the proposed Agreement in exchange for Plaintiff's release of all claims and dismissal of the action with prejudice is fair and reasonable.

**THEREON**, it is **RECOMMENDED** that:

1.  The Motion (Doc. No. 25) be **GRANTED** only to the extent that the Court finds the parties' settlement is fair and reasonable; and

2.  The Court enter an order dismissing the case with prejudice and direct the Clerk to close the case.

Failure to file written objections to the proposed findings and recommendations contained in this report within fourteen (14) days from the date of its filing shall bar an aggrieved party from attacking the factual findings on appeal.  **If the parties have no objection to this report and recommendation, they may file a joint notice of no objection.**

**Recommended**  in Orlando, Florida on October 7, 2010**.**


_____
GREGORY J. KELLY
UNITED STATES MAGISTRATE JUDGE


Copies furnished to:
Presiding District Judge
Counsel of Record

6